UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY WEBB,

                Plaintiff,

v.

SUPERIOR COURT OF THE STATE OF WASHINGTON KING COUNTY, *et al.*,

                Defendants.

Case No. C18-0762-TSZ-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Anthony Webb has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed plaintiff's complaint, plaintiff's various amended and supplemental complaints, and the balance of the record, concludes that plaintiff has not stated a cognizable ground for relief in this action. This Court therefore recommends that plaintiff's amended complaint (Dkt. 13), and this action, be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B).

/ / /

REPORT AND RECOMMENDATION - 1

## DISCUSSION

On May 24, 2018, plaintiff presented to this Court for filing a civil rights complaint under 42 U.S.C. § 1983 in which he alleged that his constitutional rights had been violated by repeated continuances in his criminal proceedings. (*See id*. at 3-5.) Plaintiff identified the following defendants in his complaint: the King County Superior Court; King County Superior Court Judge Bill Bowman; King County Deputy Prosecuting Attorney Kelsey K. Schirman; defense attorneys Tracy Lapps and Mark Adair; and, King County Prosecutor Daniel T. Satterberg. (*See id*. at 1-2.) Plaintiff requested relief in the form of dismissal of his King County Superior Court criminal case, and damages. (*See id*. at 5-6.)

After reviewing plaintiff's complaint, this Court determined that plaintiff had not identified therein any viable cause of action or any viable defendant and, thus, on June 8, 2018, the Court issued an Order directing plaintiff to show cause why this action should not be dismissed. (Dkt. 5.) The Court explained in the Order to Show Cause that resolution of the claims asserted by plaintiff in his complaint would necessarily result in this Court becoming involved in plaintiff's ongoing state court proceedings, and that federal courts will generally not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. (*Id*. at 2, citing *Younger v. Harris*, 401 U.S. 37 (1971)). Plaintiff was advised that his complaint did not reveal any extraordinary circumstances which would justify this Court's intervention in his state court criminal proceedings. (*Id*.)

The Court also explained in the Order to Show Cause that plaintiff had not identified any viable defendant in his complaint. Specifically, the Court noted that the King County Superior Court, as an entity of King County, was not a proper defendant in this action. (*Id*., citing *Nolan v. Snohomish County*, 59 Wn.App. 876, 883 (1990).) The Court further noted that Judge Bowman,

REPORT AND RECOMMENDATION - 2

Ms. Schirman, and Mr. Satterberg were immune from liability in this action (Dkt. 5, citing *Briscoe v. LaHue*, 460 U.S. 325, 334-36 (1983); *Imbler v. Pachtman*, 424 U.S. 409 (1976)), and that Ms. Lapps and Mr. Adair were not state actors for purposes of bringing suit under § 1983 (*id*. at 3, citing *Polk County v. Dodson*, 454 U.S. 312 (1981)). Plaintiff was given thirty days within which to respond to the Order to Show Cause.

On the same day the Court issued its Order to Show Cause, plaintiff filed a proposed amended complaint which was substantially the same as his original complaint. (Dkt. 7.) On June 15, 2018, plaintiff filed a supplemental complaint in which he identified two new defendants, King County Sheriff's Deputies Grant Bassett and Seth Hanson, and alleged new claims of false arrest and imprisonment in place of the speedy trial claims which were the focus of plaintiff's original complaint. (Dkt. 8.) On June 20, 2018, plaintiff filed a request for additional time to respond to the Order to Show Cause in which he indicated that he required additional forms and materials to address the deficiencies previously identified by the Court, citing in particular his need to change the caption of his pleading to name proper defendants. (Dkt. 9.)

On June 27, 2018, plaintiff filed a document which he identified as an amended supplemental complaint. (Dkt. 10.) Though not entirely clear, it appears that plaintiff, through this submission, was simply seeking to have the first two pages of the supplemental complaint filed on June 15, 2018 replaced with pages identifying King County Sheriffs's Deputies Grant Bassett and Seth Hanson as the defendants in this action. (*See id*.) This document did not set forth any claims, but referred to yet another amended complaint plaintiff was preparing to file. (*Id*. at 4, 6.)

On July 12, 2018, the Court received a letter from plaintiff in which he appeared to address some of the deficiencies identified in the Order to Show Cause, and expressed an intent to file a

REPORT AND RECOMMENDATION - 3

new civil rights complaint under a new cause number which would have some similarities to this action but would not address the false imprisonment claim plaintiff presented in his supplemental complaint.[1]  (*See* Dkt. 11 at 1-3.)  Plaintiff also renewed his request for additional time to correct deficiencies identified in the Order to Show Cause, and requested that he be provided documents he previously submitted to the Court, apparently to assist him in preparing a new pleading.  (*See id*. at 4.)

On August 8, 2018, plaintiff submitted a document which he identifies as an amended civil rights complaint. (Dkt. 13.)  He alleges there that King County Sheriff's Deputies Grant Bassett and Seth Hanson falsely accused him of committing first degree robbery when there was no substantial evidence to support that accusation, that they seized him based on their false police reports, and that they forwarded false reports to the prosecutor who filed charges of first degree robbery against plaintiff, thus resulting in plaintiff's current unlawful confinement.  (*See id*.)  Plaintiff requests relief in the form of dismissal of the pending state court criminal case, and damages.  (*See id*. at 12-13.)  Plaintiff also asks that this Court subpoena the entire record of plaintiff's state court criminal case.  (*Id*. at 12.)

It appears that plaintiff intends his most recent amended complaint to, in effect, constitute his response to the Court's Order to Show Cause.[2]  While the Court accepts plaintiff's amended complaint for filing, a review of that pleading shows that it possesses the same fatal defect as did his original complaint in this matter.  Specifically, plaintiff continues to seek this Court's intervention in his ongoing state court criminal proceedings, claiming that he is being prosecuted

---

[1]  Plaintiff did, in fact, file another civil rights complaint relating to his ongoing state court criminal proceedings on July 24, 2018.  *See Webb v. King County, et al*., C18-1090-MJP-JPD.

[2]  Plaintiff's motion for an extension of time to respond to the Order to Show Cause (Dkt. 9) is GRANTED.

REPORT AND RECOMMENDATION - 4

based on false information provided by the arresting officers and asking that this Court terminate those proceedings. However, it is not this Court's role to review or weigh evidence in plaintiff's state court criminal proceedings to determine whether plaintiff was properly arrested and charged in those proceedings.

As plaintiff was previously advised, federal courts will generally not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37 (1971). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam). *See also Carden v. Montana* 626 F.2d 82, 83-84 (9th Cir. 1980). Plaintiff's claims regarding the conduct of the arresting officers are not sufficient to justify this Court's intervention in his ongoing state court criminal proceedings. If plaintiff believes the charges pending against him in state court are based on false or insufficient evidence, he must fully litigate those issues in the state courts before turning to the federal courts for relief.

## CONCLUSION

Based on the foregoing, this Court recommends that plaintiff's amended complaint and this action be dismissed without prejudice, under 28 U.S.C. § 1915(e)(2)(B), for failure to state a cognizable ground for relief. A proposed order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21)** days of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect

REPORT AND RECOMMENDATION - 5

your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 14, 2018**.

DATED this 21st day of August, 2018.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6